**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0965-20

MAZZARA TRUCKING AND
EXCAVATION CORP.,

     Plaintiff-Respondent,

v.

PREMIER DESIGN + BUILD
GROUP, LLC, MARK MALONE,
DAVID GASSON, V.A.
SPATS AND SONS
CONSTRUCTION, INC.,

     Defendants-Appellants,

and

THE GUARANTEE COMPANY
OF NORTH AMERICA USA,

     Defendants.

_____

Submitted January 11, 2022 – Decided January 20, 2022

Before Judges Fisher and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0776-20.

Mound Cotton Wollan & Greengrass, LLP, Cory D. Anderson (Rock Fusco & Connelly, LLC) of the Illinois bar, admitted pro hac vice, and Maxwell Kling (Rock Fusco & Connelly, LLC) of the Illinois bar, admitted pro hac vice, attorneys for appellants (Steven A. Torrini, Cory D. Anderson, and Maxwell Kling, on the briefs).

Russell Macnow, attorney for respondent.

PER CURIAM

In August 2019, plaintiff Mazzara Trucking & Excavation Corporation contracted with defendant Premier Design + Build Group, LLC to perform site work on property on Kuser Road in Hamilton. Disputes arose, prompting defendant (the general contractor) to terminate the performance of plaintiff (the subcontractor) in March 2020. The following month, plaintiff commenced this action, alleging, among other things, defendant's breach of the contract. Soon after, defendant[1] moved to dismiss, arguing the parties should be required to arbitrate their disputes as anticipated by their contract, which stipulates that:

> Any dispute arising between the [c]ontractor and the [s]ubcontractor under this [a]greement, including the breach thereof, shall be settled <u>in a manner selected at the sole option of the [c]ontractor</u>, so long as it is consistent with this [p]aragraph and with the laws of the

---

[1] Plaintiff sued other parties that, according to defendant Premier, should not have been joined. In resolving the sole issue before us, we need not consider whether these other parties were misnamed or improperly joined.

jurisdiction where the project is located. Subcontractor shall continue to carry out the [w]ork during any mediation, arbitration or litigation proceedings unless otherwise directed by [c]ontractor . . .

[Emphasis added.]

We agree with the motion judge that when defendant moved for an order compelling arbitration, it exercised its option to unilaterally select the "manner" in which the dispute would be resolved. The judge, in the last paragraph of his written decision, summarized that he granted defendant's request for arbitration "as asked and not more." But the judge then concluded that by failing to seek from the court the appointment of an arbitrator, defendant "left the choice of arbitration organization or arbitrator to plaintiff."

Plaintiff's counsel lost no time in taking advantage of this ruling. A few days later, he provided defense counsel with the name of a retired superior court judge that plaintiff had unilaterally chosen to arbitrate their disputes.

Defendant moved in the trial court for reconsideration, arguing that the authority to appoint the arbitrator should not have been handed over to plaintiff. The judge denied reconsideration, and defendant appeals the parts of the judge's orders that gave plaintiff the sole power to designate an arbitrator.

3

We agree the judge erred and, therefore, reverse in part.[2] The contract in question gives <u>defendant</u> the sole right to choose the "manner" of resolving the dispute. It is arguable – although not argued here – that this declaration would also authorize defendant to select the arbitrator.[3] The judge, however, gave <u>plaintiff</u> the unilateral right to designate an arbitrator.

In denying defendant's reconsideration motion, which focused on this ruling, the judge explained that in its original motion defendant sought only an order compelling arbitration and that he had not been asked to appoint an arbitrator under N.J.S.A. 2A:23B-11. That is undeniably true. But that would suggest the judge should have left the question – that had not been posed – unanswered. Instead, the judge declared, in denying reconsideration, that "the interest of justice and fairness to both parties" required that he "designate[] [p]laintiff to appoint an arbitrator, since [d]efendant[] requested arbitration as a mechanism for dispute resolution." If there is any logic to this ruling, it escapes us.

---

[2] No one has argued that the judge erred in compelling arbitration, so we leave that aspect of the orders untouched.

[3] We neither provide nor intimate any view of whether the stipulation should be so construed or, if that is its proper meaning, whether it would be enforceable.

4

In appealing, defendant doesn't complain about having lost its ostensible right to unilaterally choose the arbitrator, a question we need not decide and deem now waived. Defendant instead argues that simple fairness and recent case law, see Flanzman v. Jenny Craig, Inc., 244 N.J. 119 (2020), require that when parties do not designate an arbitrator, they should first attempt to mutually agree and, failing that, seek court intervention via N.J.S.A. 2A:23B-11. We agree.

Those parts of the trial court orders of September 25, 2020, and November 13, 2020, that authorized plaintiff to unilaterally appoint an arbitrator, are reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0965-20